BRADLEY, Judge.
This appeal is from an order of the Circuit Court of Houston County modifying a prior divorce decree and an order denying wife-appellant’s motion asking that a new order be entered.
The parties to this appeal were divorced by the Houston County Circuit Court on January 10, 1975. The decree made a division of property and an award of child custody, child support and alimony, and required that certain insurance policies be maintained.
On August 21, 1975, pursuant to a request by the former husband and after a hearing, the trial court modified the January 10, 1975 decree by diverting $1,000 of the $1,800 awarded as monthly alimony to the payment of certain debts incurred by the former wife prior to the divorce. The *584 modification decree further provided that after the payment of the debts the money diverted would again be paid to the former wife as alimony. The wife, June Brice, appealed the modification order to this court on August 29, 1975. After proceedings in this court and the supreme court, we affirmed the trial court on November 24, 1976.
During the pendency of appeal on the August 21, 1975 decree, Donald Brice petitioned the trial court to further modify the January 10 and the August 21, 1975 orders by asking that the amount of alimony previously decreed to be paid to the wife be reduced after the debts incurred by June Brice have been paid.
The trial court in an order dated May 1, 1976, modified the two previous orders, reducing the alimony payments from $1,800 per month to $800 per month. June Brice then asked for a reconsideration of this order. The motion was denied.
The present appeal was submitted to this court on the merits by way of briefs and on a motion to dismiss the appeal.
The record in this case shows that the appellant’s brief was due to be filed in this court no later than September 24,1976. On that day appellant requested of this court an extension of time in which to file her brief as permitted by Rule 31, ARAP. Rule 31 provides, among other things, that a party may receive one extension of up to seven days in which to file its brief. The rule also provides that if the appellant fails to file his or her brief within the time provided or as extended, the appellee may move for dismissal of the appeal.
This court granted the extension through October 4, 1976 for the filing of the brief. Appellant filed her brief on October 5,1976. The appellee, as authorized by Rule 31, supra, moved on October 11, 1976 to dismiss the appeal on the ground that appellant’s brief was filed late.
On October 13,1976 appellant filed in this court her response to appellee’s motion to dismiss the appeal. The substance of appellant’s reply is that her lawyer attempted to contact appellee’s lawyer to obtain the latter’s approval to a further delay in the filing of appellant’s brief but was unable to contact him. However, appellant’s lawyer did talk to appellee’s lawyer’s secretary, and told the secretary unless he heard from appellee’s lawyer, he would assume that appellee’s lawyer had agreed to an extension of time for filing her brief. The appellant makes no suggestion that she requested of this court, or made an attempt to request of this court, additional time in which to file her brief. Her sole effort was directed to obtaining the consent of counsel for the opposing party for additional time.
According to the rules of appellate procedure, this effort was misdirected. This court should have been requested to enlarge the time for filing the brief as permitted by Rule 26, ARAP.
Rule 26 provides, in pertinent part, as follows:
“The court for good cause shown may, upon motion, enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal, a petition for allowance or a petition for permission to appeal.”
As previously stated, this court was not asked by the appellant, either prior to the expiration of the seven day extension on October 4, 1976 or afterwards, for an enlargement of time as authorized by the rules. In fact no request was made of this court by the appellant for additional time in which to file her brief even after appellee moved for a dismissal of the appeal, including up until the time of this decision.
As we interpret the Alabama Rules of Appellate Procedure, only an appellate court can grant an extension of time for filing briefs, and that court is limited to one extension of seven days. After the expiration of the one week extension, the court can enlarge the time for filing briefs only after it is convinced, either on motion or otherwise, that for good cause shown additional time for filing a brief should be granted.
*585 We granted the seven day extension as requested; we have received no other request from the appellant for an enlargement of time for the filing of her brief as permitted by Rule 26, supra. In the absence of such a request, we consider that the time for filing appellant’s brief expired on October 4, 1976 and appellee’s motion to dismiss the appeal is due to be granted.
MOTION GRANTED; APPEAL DISMISSED.
WRIGHT, P. J., and HOLMES, J., concur.